Christian vs. Hanks et al.

No. 32.—DRURY CHRISTIAN, plaintiff in error, *vs.* JAMES A. R. HANKS, *et al.* defendants in error.

The husband, except through a provision for the wife, in consideration of the marriage, cannot protect his property by a contract with his wife antecedent to marriage, against the rule of law which subjects him to the payment of the wife's debts.

In Equity, from Murray Superior Court. Decision by Judge TRIPPE, at chambers, 1st September, 1856.

This was a bill for injunction by Drury Christian, against James A. R. Hanks, John S. Beall, and Esther A. Christian, wife of complainant.

The complainant alleges that in the latter part of the year, 1855, he intermarried with Esther A. Christian, then Esther A. Banks. That prior to the solmnization of their marriage, they entered into and executed a marriage settlement, in which it was recited that each had property and each was indebted, and it was therein agreed that neither should be liable for the debts and contracts before that time, made by the other, and that the property then owned by each, should only be liable for their respective debts. That complainant and his property were to be liable only for his own debts and contracts, and that said Esther A. and her property should be liable for her debts and contracts then or before made by her.

The bill alleges that at the time of said marriage, a judgment for about one hundred and fifty dollars existed against

said Esther, and to which, the owner now seeks, by *scire facias*, to make complainant a party, and thereby render him and his property liable to the payment thereof.

The bill prays that defendants be perpetually enjoined, and restrained from proceeding with said *scire facias*, and making complainant liable for the debts of his wife, existing before their marriage.

The chancellor refused to sanction the bill and grant the injunction, and complainant's counsel excepted.

WALKER, for plaintiff in error.

HANKS, represented by UNDERWOOD, for defendants in error.

*By the Court.*—McDONALD J. delivering the opinion.

Drury Christian intermarried with Esther A. Banks in 1855. Before the marriage, they entered into an agreement, that the title of their property should not be changed by the marriage, but that the property of each should remain subject to the debts of the party to whom it belonged, which were contracted before the marriage, and that the property of each should be exempt from the debts of the other. Some of the wife's creditors were proceeding to enforce them against the husband and this bill is filed by the husband to enjoin them. The Court refused to order injunction, and his refusal is assigned as error. This marriage took place prior to the enactment of the statute, which prescribes the liability of parties entering into marriages. The rights of the parties depend, therefore, upon the pre-existing law. By that law, the husband cannot relieve himself from the obligation which a rule of law imposes on him by his marriage. He may stipulate with his intended wife for her benefit, but not for his relief against the rights of creditors, where the contract does not extend to a provision for the wife, in consideration of the marriage.

Judgment affirmed.